BOARD OF EDUCATION OF WAPELLA COMMUNITY UNIT SCHOOL DISTRICT No. 5, DE WITT COUNTY, *et al.*, Plaintiffs-Appellants, v. REGIONAL BOARD OF SCHOOL TRUSTEES OF McLEAN-DE WITT COUNTIES *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0163

Argued June 17, 1993.—Opinion filed July 20, 1993.

Everett E. Nicholas, Jr., and Merry C. Rhoades (argued), both of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Carbondale, for appellants.

Gregory C. Knapp (argued), of Saint & Ambrose, P.C., of Bloomington, for appellee Committee of Ten Petitioners.

Bruce Gammage, State's Attorney, of Clinton (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for other appellees.

JUSTICE GREEN delivered the opinion of the court:

On September 1, 1992, a petition was filed with the Regional Board of School Trustees of McLean-De Witt Counties (Regional Board) seeking dissolution of School District No. 5 of Wapella (Wa-

pella District) under the provisions of section 7—2a(b) of the School Code (Code) (105 ILCS 5/7—2a(b) (West 1992)). Some petitioners filed requests to withdraw and other persons filed objections to the sufficiency of the petition. On November 13, 1992, the Regional Board entered an order finding that the petition was sufficient and the academic interest of the Wapella pupils would best be served by annexation of the Wapella territory to Clinton Community Unit School District No. 15, De Witt, Macon and Logan Counties. Administrative review was taken to the circuit court of De Witt County, which affirmed by order of February 11, 1993.

Appeal was taken to this court. After hearing oral arguments, we issued an opinion on June 24, 1993 (*Board of Education Wapella Community Unit School District No. 5 v. Regional Board of School Trustees of McLean-De Witt Counties* (1993), 245 Ill. App. 3d 776). This opinion neither affirmed, reversed, nor modified the order on appeal. However, the opinion indicated approval of all of the actions of the Regional Board except for its ruling prohibiting the request of the objectors to be heard on the question of the sufficiency of the petition to dissolve. Accordingly, we remanded to the Regional Board with directions to hold an evidentiary hearing on those objections and to certify its ruling to us on an expedited basis.

The Regional Board held an evidentiary hearing on July 6, 1993, and found that a few of the signatures on the petition were invalid but the petition still contained enough valid signatures to constitute a majority of the registered voters of the district. It also found the petition was in proper form. Its findings were certified to this court together with a report of the proceedings. After reviewing those documents we now affirm the order of the Regional Board entered November 13, 1992, and that of the circuit court of De Witt County affirming the Regional Board.

Before we discuss the findings concerning the sufficiency of the petition, we must consider a precedential issue raised by the objectors both at the latest hearing before the Regional Board and by motion before this court. Objectors maintain that the Regional Board lacked jurisdiction to hold the July 6, 1993, hearing because no mandate had issued or could issue from this court at the time that hearing was held. They point out that Supreme Court Rule 368(a) states that "[t]he timely filing of a petition for rehearing will stay the mandate until disposition of the petition unless otherwise ordered by the court." (134 Ill. 2d R. 368(a).) On July 2, 1993, four days before the Regional Board's hearing, objectors filed a petition for rehearing of our June 24, 1993, decision. We did not deny that petition until July

7, 1993, and, in any event, no mandate has issued pursuant to our June 24, 1993, decision.

■ The objectors' theory in regard to the Regional Board's jurisdiction is based upon the premise that it could not act without a mandate. However, as we have indicated, our previous opinion in this case neither affirmed, reversed, nor modified any part of the order on appeal. We remanded for an evidentiary hearing on a single point, but we did not abdicate any part of our general jurisdiction of the matter. (See *People v. Garrett* (1990), 139 Ill. 2d 189, 194-95, 564 N.E.2d 784, 787.) Thus we did not enter a judgment and no mandate was appropriate. No new notice of appeal was necessary for this court to obtain jurisdiction to rule on the case because this court never lost jurisdiction of the appeal. We hold that our opinion was sufficient to vest the Regional Board with authority to hold the July 6, 1993, hearing and that board properly proceeded in the face of the objectors' assertion of lack of jurisdiction. We also deny the objectors' motion attacking, in this court, the Regional Board's power to hold the July 6, 1993, hearing.

The objectors contend that the petition was invalid because (1) 54 signers did not make a proper statement of their address on the petition; (2) 14 pages of the petition were invalid because the circulator did not execute a proper certificate; (3) five signatures were forged; (4) two persons signing were not registered voters; (5) one person signed the petition six months before it was filed; and (6) the petition was not properly bound and numbered. The record indicates that 876 registered voters resided in the Wapella District at the time the petition was filed. Thus, 439 valid signatures were needed to sustain the petition. The petition purported to be signed by 464 registered voters. Accordingly, the petition was invalid if more than 25 signatures were invalid.

Section 7—2a(b) of the Code makes no statement in regard to whether petitioners need set forth their address upon the petition. In our previous opinion we stated that section 28—3 of the Election Code (10 ILCS 5/28—3 (West 1992)) was not binding in regard to the form of petitions under section 7—2a(b) of the Code and, while it may give reasonable guidelines, addresses of petitioners were sufficiently set forth "if the identity of the registered voter can readily be determined from the address provided notwithstanding technical noncompliance with the Election Code." (*Wapella*, 245 Ill. App. 3d at 785.) Here, some petitioners gave their street address within Wapella. Others set forth their rural route designation either with or without the number of an individual mail receiving box. Some stated that they

lived in Wapella but gave no street address, while 13 merely stated a Wapella post office box number. No petitioner purported to live in any municipality other than Wapella.

Clearly, the address given for Charles A. Phillip on page 30 of the petition, which listed a street and number but did not state the municipality of that address, was inadequate. Just as clearly, those who listed their street address within Wapella, Illinois, fully complied with any requirement for petitioners to set forth their residential address. Similarly, we hold that addresses of petitioners which are stated in terms of a particular rural route are sufficient regardless of whether the designated mail box number for the residence of that petitioner is given. The use of numbered rural route mailboxes is of comparatively recent origin. The number of customers on a designated rural route is small enough that the identity of a resident on the route can readily be determined.

Objectors point out that the record shows that various rural post routes involved here are partly within and partly outside the Wapella District. They maintain that petitioners should be required to set forth addresses which show on the face of the petition that the petitioner resides within the district. We conclude that such a requirement would be too technical and burdensome to impose absent a statutory requirement which would have advised petitioners in advance of the need to give such specific addresses. In order to find sufficient valid signatures to the petition here, we need not find valid the signatures of Florence M. Dyer and Richard R. Thasher, whose addresses appearing respectively on pages 93 and 105 of the petition are listed as being a rural route without giving the number of that route.

The question of whether an address listed as "Wapella, Ill.," is sufficient is somewhat more difficult. When called as a witness by the objectors, Nelson Thorp, president of the board of the Wapella District, and himself an objector, testified that the municipality of Wapella had street addresses but "[m]ost of the time, the people living there didn't know them." The population of Wapella was not set forth in the record but the record does contain information that all of Wapella is in the Wapella District and that district includes a substantial rural area. As only 876 registered voters reside in the Wapella District, the municipality of Wapella is clearly not a very large place and identification of the street address where a petitioner lives is not necessary to readily ascertain the identity of that petitioner. Because of the small size of Wapella and the admittedly limited use of street addresses, we also hold that listing of street addresses was not required

to validate the signature of those petitioners who merely identified themselves as living in Wapella.

We hold that the 13 people who listed their address as a Wapella post office box did not properly set forth their residence. A resident of any community could have a box at the Wapella post office as a place for receiving mail. These 13 signatures added to the three we have previously rejected bring the total rejected signatures to 16 and reduce the margin of valid signatures over that necessary for the petition to be valid to nine.

The main thrust of objectors' allegation that the circulators of the various sheets of the petition did not execute proper certificates begins with their assertion that section 28—3 of the Election Code, concerning petitions for holding of referenda, controls the procedure to be used here. Section 7—2a(b) of the Code is also silent on this point. However, each of the sheets to the petition here does contain a form which would meet the requirements of section 28—3 of the Election Code. The objectors' main complaint is that several of the circulators gave as an address a particular rural route. Just as we have found that to be adequate as a statement of address for a petitioner, we hold that it is a proper statement of address for a circulator of a petition.

The other complaint of objectors concerning the execution of certificates by circulators concerns a person whose full name was Margaret Marlene Spray and who was registered to vote as M. Marlene Spray. She signed a petition for dissolution circulated by another as Marlene M. Spray and signed the certificate on three sheets she had circulated as M. Marlene Spray. The evidence was undisputed that she was one and the same person who performed all of the acts involved. The name she used to sign the circulator's certificate was the name on her voter's registration card. Moreover, presumption of identity of a person has been held to exist when two used surnames are identical but one of the initials in the given name is transposed. (65 C.J.S. *Names* §15(b)(2), at 47 (1966).) No signature to the petition was invalidated by Spray's use of slightly different names.

The Regional Board found that no forgery occurred in regard to any name on the petition. As to each questioned signature, substantial evidence of the validity of the signature was produced fully supporting the factual determination. Of the two people whose registration was questioned, the Regional Board found that Michael Roy was, in fact, registered at the time he signed the petition and Tonja M. Barber was not. Joye Floyd, the county clerk, testified that Roy registered the day before the petition was signed and Barber registered

the same day she signed the petition. The Regional Board concluded Roy's signature was valid but that Barber's was not because there was some question as to whether she signed the petition before or after she registered. No evidence contested that testimony.

The signature of petitioner Margaret M. Gaherity was the sole signature on one of the sheets of the petition and that signature was dated "1/9/92," which would have been more than six months before the filing of the petition and violative of section 7—2a(b) of the Code in that respect. Patrick Toohill, Jr., the circulator of that sheet testified that Gaherity's signature was actually executed on September 1, 1992, which would be "9-1-92." The Regional Board found that signature was valid and we deem that decision fully supported by the evidence.

■ Accordingly, the number of signatures which can properly be rejected is 17, leaving the petitioners with a margin of eight more valid signatures than that required for dissolution by the terms of section 7—2a(b) of the Code.

Finally, objectors maintain that the petition was not bound and numbered as would be required by section 28—3 of the Election Code, which states that petitions shall be "bound securely and numbered consecutively." (10 ILCS 5/28—3 (West 1992).) The petition here was not numbered consecutively but we hold that does not invalidate the petition when no statutory provision makes that a requirement of section 7—2a(b) petitions.

Accordingly, as we have indicated, we (1) affirm the order of the Regional Board on appeal and that of the circuit court of De Witt County affirming that order. We deny objectors' motion of July 12, 1993, requesting that we declare the July 6, 1993, hearing of the Regional Board invalid.

Affirmed.

STEIGMANN, P.J., and McCULLOUGH, J., concur.