ANN C. WOLLAN, Petitioner-Appellee, v. JOHN JACOBY *et al.*, as *ex officio* Municipal Officers Electoral Board of the Village of Wilmette, *et al.*, Respondents-Appellants.—MICHAEL K. LEVITAN, Petitioner-Appellee, v. JOHN JACOBY *et al.*, as *ex officio* Municipal Officers Electoral Board of the Village of Wilmette, *et al.*, Respondents-Appellants.—ANN C. WOLLAN, Petitioner-Appellee, v. JOHN JACOBY *et al.*, as *ex officio* Municipal Officers Electoral Board of the Village of Wilmette, *et al.*, Respondents-Appellants.

First District (6th Division)   Nos. 1—95—0741 through 1—95—0743, 1—95—0754, 1—95—0755 cons.

Opinion filed July 28, 1995.

Plotkin & Jacobs, Ltd., of Chicago (John Jacobs and Joshua Karsh, of counsel), Lavelle, Juneau & McCollom, Ltd., of Oak Park (Michael E. Lavelle, of counsel), and Timothy J. Frenzer, Corporation Counsel, of Wilmette, for appellants.

Michael Hugh Burny, of River Forest, and Sonnenschein, Nath & Rosenthal, of Chicago (James A. Klenk, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

This case concerns the right of respondents Daniel H. Carter, Sarah Ann (Sally) Oliver, and Joseph G. (Jay) Rowell to have their names printed on the ballot as candidates for trustee of the Village of Wilmette, Illinois. The electoral board (Board) found the objections filed by petitioners failed to comply with the requirements of section 10—8 of the Election Code (Code) (10 ILCS 5/10—8 (West 1992)) and, therefore, dismissed the objections. Alternatively, the Board found that the page numbering defects in the nominating petitions were an insufficient basis for disqualifying respondents. The circuit court reversed the decisions of the Board and ordered respondents removed from the ballot. In its order, the circuit court held the objections to the nominating petitions were legally sufficient under section 10—8 of the Code, and also found that the page numbering requirement of section 10—4 of the Code (10 ILCS 5/10—4 (West 1992)) is mandatory. After an expedited appeal, we affirmed the judgment of the circuit court by order, stating that an opinion would follow.

We address the following issues: (1) whether the objections to the nominating petitions are legally sufficient under section 10—8 of the Code; and (2) whether the page numbering provision of section 10—4 of the Code is mandatory.

■ Respondents contend that the objections filed by petitioners are legally insufficient because of noncompliance with certain provisions of section 10—8 of the Code. Such noncompliance includes the failure to provide a copy of the objections, misnaming the office for which the objections were filed, and allegedly misstating the interests of the objectors, the meaningful relief requested of the Board, and the objectors' legal voter status as required by section 10—8 of the Code. Although election officials, including objectors, are obligated to comply with all of the provisions of the Code, it does not follow that every noncompliance will invalidate a ballot or an objection as in the present case. (*Pullen v. Mulligan* (1990), 138 Ill. 2d 21, 47, 561 N.E.2d 585.) "Where the effect of failure to comply with a particular statutory requirement is not specified, however, courts must consider the nature and object of the statutory provision and the consequences which would result from construing it one way or another." *Pullen,* 138 Ill. 2d at 78.

■ In the instant case, petitioners filed only the original of the objections, rather than an original and a copy as provided by section 10—8 of the Code, which states in part:

"[The objector] shall file an objector's petition together with a copy thereof in the *** office of the election authority or local election official with whom the certificate of nomination, nomination papers or petitions are on file." (10 ILCS 5/10—8 (West 1992).) Providing a copy in addition to the original petition is not a requirement which is essential to the validity of the election process. As the provision above is "designed to secure order, system and dispatch in proceedings," without providing a penalty for noncompliance, it is deemed directory. (*Shipley v. Stephenson County Electoral Board* (1985), 130 Ill. App. 3d 900, 902-03, 474 N.E.2d 905.) Accordingly, such noncompliance with section 10—8 does not render the objections legally insufficient.

■ Respondents also contend the use of the term "Commissioner" instead of the term "Trustee" in the original objections made the objections so confusing that they should be deemed legally defective. However, the record shows that both the original and the corrected objections were served upon respondents within hours of filing. Further, although there is an office of commissioner of the Wilmette Park District, that office and entity are entirely separate from the office of trustee and the Village of Wilmette. As the objections to each respective office would have to be filed with different election officials, at different locations, and heard by different boards, there was no basis for confusion as to the office of trustee of the Village of Wilmette for which the objections were filed. Finally, section 10—8 of the Code contains no requirement that the candidate or the office be precisely identified in the objections. Absent an express mandate in the statute, we cannot conclude that an error in referring to the office for which the candidates seek is fatal to the objections.

■ The morning after the final day for filing objections, petitioners attempted to "correct typographical errors" in the objections which named the office of commissioner rather than trustee. The Board denied the motion to correct the error, stating that the objections could not be cured by amendment after the expiration of five business days allowed by section 10—8 of the Code. (*Stein v. Cook County Officers Electoral Board* (1994), 264 Ill. App. 3d 447, 449, 636 N.E.2d 1060.) The circuit court reversed, finding that petitioners' attempt to correct the error was not an amendment, but instead was a permissible correction of a scrivener's error. While we do not consider the error to be one of a scrivener, we find no confusion or prejudice to respondents in view of the fact that both they and the Board knew that there is no office of commissioner in the Village of Wilmette. Aside from conclusory allegations, respondents have failed to articulate evidence of any confusion, prejudice, or detriment as a result of

the misidentification or correction thereof. Moreover, petitioners did not seek to add any new objections, as was the case in *Stein*; they merely sought to replace and correct the superfluous term "Commissioner" with that of "Trustee." Assuming *arguendo* that it was error to permit petitioners to correct the objections, it was harmless since we conclude that the use of the descriptive term "Commissioner" did not render the objections legally deficient.

■ Respondents next argue that the circuit court erred in conducting a hearing on the objections because petitioners failed to accurately state their interests, the meaningful relief requested, and legal voter status in violation of those portions of section 10—8 of the Code which provide:

"Any legal voter *** shall file an objector's petition ***. ***

The objector's petition shall give the objector's name and residence address, and shall state fully the nature of the objections to the certificate of nomination or nomination papers or petitions in question, and shall state the interest of the objector and shall state what relief is requested of the electoral board." (10 ILCS 5/10—8 (West 1992).)

We first note that section 10—8 does not include a penalty provision for the objector's noncompliance with the above-stated provisions. Any implied penalty contained in section 10—8, such that "petitions *** shall be deemed to be valid unless objection thereto is duly made" (10 ILCS 5/10—8 (West 1992)), pertains only to the failure to file objections within five business days after the last day for filing the nomination papers or petitions as provided by statute.

In the instant case, petitioners stated that their interests are to see that election laws are upheld and that only properly qualified candidates appear on the ballot. These are valid interests (Madden, *Electoral Board* in Election Law § 2.6 (Ill. Inst. for Cont. Legal Educ. (1991))), notwithstanding the motivation or failure to object to another candidate's petition. See *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 566, 429 N.E.2d 1292 (motive in filing the objections is irrelevant to the determination of whether the candidates complied with election laws).

■ Concerning the statement of relief requested, the original objections requested that the candidates' names not appear on the ballot for commissioner rather than trustee. As stated above, this error was not fatal to the objections. The term "Commissioner" denotes *a member* of a commission or board, which would include a trustee. In light of respondents' failure to proffer concrete, factual evidence of confusion or prejudice in the instant case, the error is insufficient to render the objections legally defective.

■ With regard to the contention that petitioners failed to allege legal voter status in the objections, the statute does not require an objector to assert its status as a legal voter; thus, the objections need not refer to the objector's legal status. Moreover, an objector need not prove her standing as a registered voter in her case in chief; rather, lack of standing is an affirmative defense to be raised by respondents. (*Dunham v. Naperville Township Officers Electoral Board* (1994), 265 Ill. App. 3d 719, 723, 640 N.E.2d 314.) Here, the record leaves no doubt as to petitioners' standing as registered voters. Accordingly, there is no reason to invalidate the objections.

Having determined the objections are legally sufficient under section 10—8 of the Code, the next issue is whether the page numbering provision of section 10—4 of the Code is mandatory rather than directory. Respondents argue it is directory, and, therefore, noncompliance with the provision does not render their nominating petitions invalid. We disagree and hold that the page numbering provision of section 10—4 is mandatory and not directory as a matter of law. *Maske v. Kane County Officers Electoral Board* (1992), 234 Ill. App. 3d 508, 510, 600 N.E.2d 513 (construction of statute is a question of law to be reviewed *de novo*).

■ In determining whether a provision is mandatory or directory, we must ascertain the intent of the legislature through the language of the statute itself. (*Pullen*, 138 Ill. 2d at 46, 65.) Section 10—4 of the Code, which sets forth requirements of a nominating petition that must be filed prior to a candidate's name being placed on the ballot, provides in part: "[the petition] sheets *** shall be neatly fastened together in book form *** *and the sheets shall then be numbered consecutively.*" (Emphasis added.) (10 ILCS 5/10—4 (West 1992).) It also imposes a penalty for noncompliance, such that: "[n]o signature shall be valid or be counted in considering the validity or sufficiency of such petition unless the requirements of this Section are complied with." (10 ILCS 5/10—4 (West 1992).) In view of this language, which specifies the result of noncompliance and leaves no room for discretion, the statute is deemed mandatory. *Jones v. Dodendorf* (1989), 190 Ill. App. 3d 557, 560, 546 N.E.2d 92; *Havens*, 102 Ill. App. 3d at 566. See also *Huskey v. Municipal Officers Electoral Board* (1987), 156 Ill. App. 3d 201, 509 N.E.2d 555; *Schumann v. Kumarich* (1981), 102 Ill. App. 3d 454, 430 N.E.2d 99 (finding other provisions of section 10—4 of the Code to be mandatory).

Our decision is further supported by the holding in *Jones*. There, the court concluded that the page numbering provision of section 10—4 of the Code is mandatory; therefore, noncompliance with the provision invalidates the petitions and justifies the removal of

candidates from the ballot. (*Jones*, 190 Ill. App. 3d at 560.) The court articulated two distinct purposes for the numbering requirement which compel strict compliance: (1) the requirement aids in identification and description of each petition; and (2) it prevents tampering, thereby preserving the integrity of the petition and the election process in general. (*Jones*, 190 Ill. App. 3d at 562.) We find these are legitimate reasons to rigorously enforce the requirement and the aforementioned to be a correct interpretation of the statute. Accordingly, in the instant case, respondents' failure to consecutively number all of the pages of their petitions requires their removal from the ballot.

The cases to which respondents cite, *Williams v. Butler* (1976), 35 Ill. App. 3d 532, 341 N.E.2d 394, and *Stevenson v. County Officers Electoral Board* (1978), 58 Ill. App. 3d 24, 373 N.E.2d 1043, construe section 7—10 of the Code (10 ILCS 5/7—10 (West 1992)) rather than section 10—4 of the Code. Although section 7—10 contains similar language to section 10—4 concerning page numbering, it does not contain a penalty provision as provided in section 10—4. In addition, it uses "substantial compliance"-type language, rather than "shall" language, indicating the statutory requirements are directory and not mandatory. But see *Bowe v. Chicago Electoral Board* (1980), 79 Ill. 2d 469, 470, 404 N.E.2d 180 (requirements of section 7—10 concerning circulator's affidavit are mandatory).

■ Undoubtedly, technical compliance with every single provision of the Code is unnecessary to sustain a ballot. However, where the statute, as in section 10—4 of the Code, mandates the performance of certain acts or things and provides a penalty for noncompliance, strict compliance is deemed mandatory, and noncompliance with such provisions will invalidate the ballot. (*Pullen*, 138 Ill. 2d at 46, 65.) Although some courts have found that substantial compliance can satisfy certain mandatory requirements of the Code (*Panarese v. Hosty* (1982), 104 Ill. App. 3d 627, 630, 432 N.E.2d 1333 (section 7—10); *Shipley*, 130 Ill. App. 3d at 903-04 (section 10—8)), none have held that substantial compliance is legally sufficient to fulfill the page numbering requirement of section 10—4 of the Code. In view of the mandatory construction ascribed to section 10—4 of the Code, and its two underlying purposes which are described in *Jones*, we find that substantial compliance with the page numbering provision is insufficient compliance.

■ Respondents also contend that it is unconstitutional and a denial of equal protection to construe section 10—4 of the Code differently from section 7—10 of the Code. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2.) While these sections of the Code are similar,

they address different classes of persons/candidates. Section 10—4 applies only to persons seeking nomination as independent or nonpartisan candidates in a general election; section 7—10 applies to persons seeking nomination as political party candidates in a primary election. Because equal protection of laws guarantees equal treatment only between persons similarly situated or in the same class, construing sections 10—4 and 7—10 differently is not unconstitutional.

Additionally, respondents contend it violates due process to remove them from the ballot for noncompliance with the pagination requirement of section 10—4 of the Code. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2.)

> "Before a candidate is denied a place on the ballot, the rights of both the candidate and the voters must be weighed in the balance. [Citation.] In addition, the State's interest in regulating elections must be recognized. The crucial question is whether it is conceivable that removing the candidate from the ballot has a rational relationship to a legitimate governmental objective." (*Huskey*, 156 Ill. App. 3d at 205.)

Adhering to this constitutional standard, and again relying on the reasoning in *Jones*, we hold that excluding respondents from the ballot does not violate due process.

As stated above, the *Jones* court articulated two purposes for the page numbering requirement of section 10—4 which require removal from the ballot for failure to strictly comply with the requirement: (1) to aid in identifying the specific pages of each petition; and (2) to prevent tampering with the pages, thereby preserving the integrity of the petitions and the election process generally. In view of the legitimate interests of the State, such as coping with incoming petitions, preventing tampering with petitions, and preserving the sanctity of the election process, there is a rational relationship between the sanction of removal from the ballot and the objective of the pagination requirement. Accordingly, respondents' removal from the ballot is constitutionally permissible due to noncompliance with the mandatory requirements of section 10—4 of the Code.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA, P.J., and ZWICK, J., concur.