DONNA L. POCHIE, Petitioner-Appellant, v. THE COOK COUNTY OFFICERS ELECTORAL BOARD *et al.*, Respondents-Appellees.

First District (3rd Division)   No. 1—96—3181

Opinion filed June 25, 1997.

Michael J. Kasper, of Chicago, for appellant.

Richard Devine, State's Attorney (Sanjay T. Taylor, Assistant State's Attorney, of counsel), and Allen P. Walker, of Greene & Letts, all of Chicago, for appellees.

PRESIDING JUSTICE COUSINS, delivered the opinion of the court:

Petitioner Donna L. Pochie filed an expedited appeal from the circuit court order entered September 10, 1996, affirming the decision of the Cook County Officers Electoral Board granting the motion of respondent Derek Banks to strike and dismiss petitioner's objector's petition. Respondent Banks' motion to strike and dismiss asserted that Pochie lacked standing to bring her objector's petition because petitioner did not meet the requirements of section 10—8 of the Election Code (10 ILCS 5/10—8 (West 1994)).

■ Section 10—8 of the Election Code provides in pertinent part:
    "The objector's petition shall give the objector's name and residence address, and shall state fully the nature of the objections to the certificate of nomination or nomination papers or petitions in question, and shall state the interest of the objector and shall state what relief is requested of the electoral board." 10 ILCS 5/10—8 (West 1994).

After granting an expedited appeal, we affirmed the judgment of the circuit court by order entered October 25, 1996, stating that a written decision of this court would follow.

The sole issue presented for review in this appeal is whether the "residence address" requirement of section 10—8 of the Illinois Election Code is mandatory. Our analysis of the record in the instant case establishes that Pochie's objector's petition alleged in part that certain of Banks' nominating petitions were invalid because "the nomination papers contain petition sheets with names of persons for whom the addresses stated are not in the 28th Representative District of the State of Illinois."

Banks affirmatively responded by moving to strike and dismiss the objector's petition. He alleged that the objector's petition did not meet the requirements of section 10—8 of the Election Code of Illinois because the petition failed to state her address. In this regard, the record establishes that Pochie's objector's petition alleges: "The objector resides at 11006, Chicago, Illinois, Zip Code 60655, in the 28th Representative District of the State of Illinois, and is a duly qualified, legal and registered voter at that address."

Does objector's petition conform to the pertinent provisions of section 10—8 of the Election Code? We answer this question in the negative.

However, petitioner contends that the address provision of section 10—8 of the Election Code is directory. We disagree. Petitioner relies primarily on the holding in *Wollan v. Jacoby*, 274 Ill. App. 3d 388, 653 N.E.2d 1303 (1995). In *Wollan*, the appellate court affirmed

the decision of the trial court that the objector's failure to file a copy of the petition along with the original and also that the use of the term "Commissioner" instead of the term "trustee" did not make the objector's petition legally defective. *Wollan*, 274 Ill. App. 3d at 392. In our view, petitioner's reliance on *Wollan* is misplaced.

Petitioner's reliance on *Wollan* is misplaced because *Wollan* does not address the "residence address" requirement of section 10—8 of the Election Code. Rather, in *Wollan*, the court addressed the failure of the objector to file a copy of the petition and petitioner's failure to refer to the correct office (which the Code does not require). *Wollan*, 274 Ill. App. 3d 388, 653 N.E.2d 1303.

Petitioner also cites *Board of Education of Wapella Community Unit School District No. 5 v. Regional Board of School Trustees*, 247 Ill. App. 3d 555, 617 N.E.2d 442 (1993). In *Wapella*, the court upheld the validity of signatures under the School Code (105 ILCS 5/7—2(a) (West 1992)) where "the identity of the registered voter can readily be determined from the address provided notwithstanding technical noncompliance with the Election Code." *Wapella*, 247 Ill. App. 3d at 558.

In our view, the objector's address in the instant case cannot be readily determined from the number of the address on a street in the district without the name of the street. Therefore, petitioner's reliance on *Wapella* is also misplaced. Specifically, in *Wapella*, the objections were made alleging that a petition seeking dissolution of a school district was invalid because, among other things, some of the signers did not properly state their addresses. *Wapella*, 247 Ill. App. 3d 555, 617 N.E.2d 442. The *Wapella* court held that the addresses of the signers were sufficient "if the identity of the registered voters *can readily be determined from the address provided.*" (Emphasis added.) *Wapella*, 247 Ill. App. 3d at 558. In the case *sub judice*, the objector's address gave no street name. In our view, when the name of the street where an objector resides in an Illinois General Assembly legislative district is not given in the objector's petition, a candidate whose nominating petitions are being challenged cannot readily determine that the objector resides in the district.

Although petitioner contends that her legal standing to bring the objector's petition is evident from the face of her petition, in which she attests that she is "a duly qualified, legal and registered voter" residing in the "28th Representative District of Illinois," we disagree. We also disagree with petitioner's contention that her standing to bring the objector's petition is further evidenced by the certified voter registration record attached to her response to the motion to strike and dismiss. We further disagree with petitioner's argument

that the petition and the records of the Chicago Board of Election Commissioners clearly indicate that Pochie does have standing. In our view, whether or not an objector has standing is determined according to the face of the petition and not according to what can be found in the records of the election commission.

■ This is a case of statutory construction, and we agree with respondent's contention that the "residence address" requirement of section 10—8 of the Election Code is mandatory and not directory. In this regard, an instructive case is *Pullen v. Mulligan*, 138 Ill. 2d 21, 561 N.E.2d 585 (1990). In *Pullen*, the Illinois Supreme court held that legislative intent is determined by examining the nature of the object of the statute and the consequences resulting from any given construction. *Pullen*, 138 Ill. 2d at 46, citing *Carr v. Board of Education*, 14 Ill. 2d 40, 44, 150 N.E.2d 583 (1958).

The failure to plead an objector's address is an affirmative defense, which must be raised by the respondent. *Hagen v. Stone*, 277 Ill. App. 3d 388, 390, 660 N.E.2d 189 (1995). The issue is waived if it is not raised by the respondent. *Hagen*, 277 Ill. App. 3d at 390. In preparing affirmative defenses, respondents would be confronted with undue burdens were we to construe the residence requirement of section 10—8 of the Election Code to be directory rather than mandatory. This, because respondents often would be unable to make the decision to raise a defense without taking extraordinary steps to determine whether an objector resides in the relevant political subdivision.

We note in petitioner's argument that records publicly available at the Chicago Board of Election Commissioners' offices allow any person to check registration status, including the registration address and representative district, of any citizen of Chicago, including that person's name. However, this argument is not compelling. In our view, mandating such searches of records by candidates is not an intended consequence of the legislation. See *Pullen*, 138 Ill. 2d at 46. Even though searches of records at the Chicago Board of Election Commissioners' offices for persons with a last name of Pochie may be less burdensome than searches for persons with more common last names such as Jones or Smith or Washington, no candidate should suffer the consequences of bearing the burden of searching the records to determine whether or not an objector is registered in a district. See *Pullen*, 138 Ill. 2d at 46.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

McNULTY and HOURIHANE, JJ., concur.