ROBERT B. MORTON, Petitioner-Appellant, v. STATE OFFICERS ELECTORAL BOARD *et al.*, Respondents-Appellees.

Fourth District    No. 4—00—0142

Opinion filed March 10, 2000.

Robert B. Morton, of Antioch, appellant *pro se.*

Craig S. Burkhardt, of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, for appellee Perry Smith.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of counsel), for other appellees.

JUSTICE GARMAN delivered the opinion of the court:

Petitioner, Robert B. Morton, a licensed attorney, appeals from an order of the circuit court of Sangamon County that affirmed the State Officers Electoral Board's (Electoral Board's) decision to invalidate his nomination papers for the March 21, 2000, Republican primary. Petitioner contends that he should not have been removed from the ballot because the identity of the individual objecting to his petition could not readily be determined from the face of the filed objection as required by section 10—8 of the Election Code (Code) (10 ILCS 5/10—8 (West 1998)). We have agreed to consider this case on an expedited basis and now affirm.

The facts are undisputed. Petitioner filed nomination papers to become a candidate to fill a vacancy in the office of judge of the nineteenth judicial circuit. Petitions to fill judicial vacancies, such as this, require a minimum of 500 valid signatures. Petitioner's one-page nomination petition, however, contained but a single signature—his own. Based on this substantial deficiency, an objection was filed by an individual identified as "Perry Smith," whose given address was 2710 Blanchard Road, Waukegan, Illinois, 60087.

Petitioner filed a motion to dismiss the objection, contending that the objector was not registered to vote within the relevant voting boundaries. Attached to the motion were certified copies of voting records from Lake County showing that the person residing at the Blanchard Road address had registered to vote under the name "Perry S. Smith Jr." According to petitioner, the identification of "Perry Smith" as the objector without the inclusion of the suffix "Jr." on the face of the objection rendered it void because no registered voter by the name of "Perry Smith" was at the Blanchard Road address.

Smith, in turn, filed a response and affidavit indicating that he was "known simply as 'Perry Smith' " but usually signed his name as "Perry S. Smith Jr." He also averred that the signature on the voter registration card was his, he was the only registered voter at the indicated address, and his father had died over 20 years earlier. Petitioner then filed a reply objecting to consideration of the affidavit contending that the omission of the appellation "Jr." in the objection was material and fatal and could not be cured by affidavit.

The Electoral Board sustained the objection and struck petitioner's name from the primary ballot. On administrative review, the circuit court affirmed the Electoral Board's order on the basis that Smith was sufficiently identified by name and address for the candidate to determine whether he had standing to object to the petition for candidacy. This *pro se* appeal followed.

■ Section 10—8 of the Code, governing objection to nomination papers provides, in relevant part:

> "Certificates of nomination and nomination papers *** shall be deemed to be valid unless objection thereto is duly made in writing within 5 business days after the last day for filing the certificate of nomination or nomination papers ***.
>
> * * *
>
> Any legal voter of the political subdivision or district in which the candidate *** is to be voted on *** having objections to any certificate of nomination or nomination papers *** shall file an objector's petition ***. ***
>
> The objector's petition shall give the objector's name and residence address ***." 10 ILCS 5/10—8 (West 1998).

Citing *Pochie v. Cook County Officers Electoral Board*, 289 Ill. App. 3d 585, 682 N.E.2d 258 (1997), petitioner contends that compliance with the provisions of section 10—8 is mandatory; failure to comply renders an objection invalid; and in the absence of a proper and valid objection, the nomination papers are deemed valid even where, as here, they grossly fail to comply with the requirements for nomination for the office sought. Petitioner argues that the objector was incorrectly identified as "Perry Smith" in the body of the objection petition. Since the voter registration records from Lake County demonstrated no registered voter by that name was at the address indicated in the objection, petitioner concludes that the objection failed to afford him a reasonable opportunity to verify the objector's standing as a duly qualified voter.

■ The provision of section 10—8 of the Code deeming filed nomination petitions valid is operative only if a timely objection is not filed. *Wollan v. Jacoby*, 274 Ill. App. 3d 388, 392, 653 N.E.2d 1303,

1306 (1995). In this case, petitioner does not dispute that an objection was filed in a timely manner. Therefore, the presumption does not apply unless the objection is invalid for some other reason.

■■ Petitioner challenges Smith's standing to file the objection. Standing, under the Code, is an affirmative defense and the burden of proof is on petitioner to raise and prove lack of it. *Dunham v. Naperville Township Officers Electoral Board*, 265 Ill. App. 3d 719, 723, 640 N.E.2d 314, 317 (1994). While section 10—8 requires the inclusion of "the objector's name and residence address" (10 ILCS 5/10—8 (West 1998)), the Code does not include a penalty provision for an objector's lack of strict compliance with this requirement. *Wollan*, 274 Ill. App. 3d at 392, 653 N.E.2d at 1306. Although objectors are obligated to comply with all provisions of the Code, it does not follow that every noncompliance will invalidate an objection. *Pullen v. Mulligan*, 138 Ill. 2d 21, 47, 561 N.E.2d 585, 596 (1990). "Where the effect of failure to comply with a particular statutory requirement is not specified, however, courts must consider the nature and object of the statutory provision and the consequences which would result from construing it one way or another." *Pullen*, 138 Ill. 2d at 78, 561 N.E.2d at 610.

■ Petitioner concedes, in what amounts to gross understatement, that the objection is completely meritorious because the nomination petition "lacked the requisite number of petition signers." Petitioner also does not contend that the individual who filed the objection and signed the voter registration card is not the same person. Likewise, petitioner conceded before the Electoral Board that the failure of Smith to include his middle initial in the name incorporated in the objection was not "significant." It is petitioner's contention that the omission of the suffix "Jr.," however, is a material variance in identification.

While we agree that the provisions of the Code requiring inclusion of an objector's name and address are mandatory, the Code does not address the degree of precision that constitutes compliance. Petitioner contends that the omission of the suffix "Jr." prevented him from knowing or readily ascertaining whether " 'Perry Smith' wasn't really a different person from 'Perry Smith Jr.' " Based on long-standing legal principles, we disagree.

Suffixes such as "Junior" or "Jr." or words of similar import are ordinarily not part of a person's name and it is normally not necessary to add them to a name in a legal document. 65 C.J.S. *Names* § 5(b), at 8 (1966); Black's Law Dictionary 851 (6th ed. 1990); *Headley v. Shaw*, 39 Ill. 354, 365 (1866). In addition, where the only difference between two names is the addition of a suffix such as "Sr." or "Jr." to one of them, they have been presumed to refer to the same person until the contrary is alleged and proved. 65 C.J.S. *Names* § 15(b)(3), at 48 (1966).

We also note that the objection petition and voter registration card bear the signature "Perry S. Smith Jr." Both are not only substantively identical but, even to the untrained eye, remarkably similar in appearance. Visual appearance and comparison of signatures is a legitimate factor that may be considered in determining whether petitioner has met his burden of demonstrating whether he could readily ascertain the identity of the objector for the purpose of verifying residence and legal voting capacity. See *Maguire v. Bennett*, 152 Misc. 2d 265, 576 N.Y.S.2d 480 (1991) (nomination petition signatory's use of "Jr." on petition but not on applicable voter registration card not invalid when the two signatures compare favorably).

Petitioner's reliance on *Pochie* is also misplaced. In that case, an objector listed her address as "11006, Chicago, Illinois, Zip Code 60655, in the 28th Representative District of the State of Illinois." *Pochie*, 289 Ill. App. 3d at 586, 682 N.E.2d at 259. The court held the objection to have been properly dismissed because the objector's address could not readily be determined from the face of the objection merely from the number of an address on a street in the district without the name of the street. *Pochie*, 289 Ill. App. 3d at 587, 682 N.E.2d at 259. Here, in contrast, no similar substantial omission appears on the face of the objection petition.

We conclude petitioner failed to sustain his burden of proving the affirmative defense of Smith's lack of standing to challenge his nomination papers. In view of our disposition of this case, we do consider the affidavit filed by Smith in response to the motion to dismiss and do not reach the issues raised by petitioner concerning its effect or the propriety of its use.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.