NICHOLAS D. PANARESE, Petitioner-Appellant, *v.* JOHN F. HOSTY *et al.*, Respondents-Appellees.

First District (3rd Division)    No. 82-348

Opinion filed March 5, 1982.

Franklin J. Lunding, Jr., of Chicago, for appellant.

Franklin S. Schwerin, of Supena, Nyman & Schwerin, of Chicago, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Nicholas D. Panarese, sought judicial review in the circuit court of Cook County of a decision by respondent, Cook County Officers Electoral Board, which overruled petitioner's objection to the nominating petitions filed by respondent, John F. Hosty, for the office of democratic committeeman of River Forest Township, Cook County, to be voted upon at the primary election on March 16. The trial court affirmed the decision of the electoral board, and petitioner appeals.

The issues presented for review are whether section 7—10 of the Illinois Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 7—10) requires a petition circulator to set forth the street and number of his residence when the circulator is not a resident of a city having a population over 10,000; and, if so, whether this requirement can be satisfied with respect to one page of the nomination papers by reference to information given on the immediately preceding page.

Section 7—10 of the election code provides that a candidate's name shall not be "printed upon the primary ballot unless a petition for nomination has been filed in his behalf as provided in this Article in substantially the following form." One of the requirements is that each sheet of the petition contains an oath of the circulator "stating his residence address (and if a resident of a city having a population of over 10,000 by the then last preceding Federal census, also stating the street and number of such residence)."

In the present case, sheet 3 of the candidate's nominating petition, containing 21 signatures, contains an oath by the circulator which states that the circulator resides "in River Forest Township in the Village of River Forest, County of Cook and State of Illinois * * *," but which omits the number and street of his residence. Petitioner maintains that this omission invalidates sheet 3 of the nominating petition, thus reducing the number of signatures below the statutory minimum required for a candidate's name to be printed on the primary ballot. Respondents counter that the circulator was not required to set forth the street and number of his residence because he was not a resident of a city having a population of over 10,000.

■■ The record is silent as to the population of River Forest. More importantly, since River Forest is a village rather than a city, it is not covered by the provision requiring that the street and number be indicated if the circulator resides in a "city having a population of over 10,000." In so holding, we reject petitioner's position which would have us ignore the language enclosed in parenthesis and interpret "residential address" as requiring a street and number for any area where such address is available and recognized as part of the address. This interpretation would render the parenthetical provision entirely superfluous. It is a general rule of

construction that where a statute can be reasonably interpreted so as to give effect to all its provisions, a court will not adopt a strained reading which renders one part superfluous. *Jarecki v. G. D. Searle & Co.* (1961), 367 U.S. 303, 6 L. Ed. 2d 859, 81 S. Ct. 1579; *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.

■■ Nor can we reasonably assume that the legislature meant the word "city" as it appears in the parenthetical provision in question, to apply to a "village." When we examine a preceding sentence in the section, *"However the county or city, village or town,* and state of residence of the electors may be printed on the petition forms where all of the electors signing the petition reside in the same *county or city, village or town,* and state" (emphasis added), the legislature's intention to make a distinction between a city and a village becomes unmistakably clear. If it intended that the word city be given so wide a scope as to encompass a village or township, there would have been no need to list the various governmental entities in the preceding sentence. Generally, the express mention of one thing implies the exclusion of other similar things. *People v. Fink* (1981), 94 Ill. App. 3d 816, 419 N.E.2d 86.

■■ We find the statute to be clear and unambiguous. It requires that the circulator state his street and number only when he resides in a city in which the population exceeds 10,000. Since this provision is inapplicable to the circulator in the present case, his failure to include his number and street on page 3 did not invalidate the petition.

Even if the circulator in the present case were required to state his street and number, however, both the electoral board and the trial court found that his inclusion of that information, under oath, on the preceding page constituted substantial compliance which would satisfy this requirement. That decision will not be reversed unless it is against the manifest weight of the evidence. *Williams v. Butler* (1976), 35 Ill. App. 3d 532, 341 N.E.2d 394.

Both parties agree that section 7—10 is a mandatory rather than a directory statute. The issue is whether substantial compliance can satisfy a mandatory requirement and, if so, whether the circulator here so complied.

We believe that petitioner's reliance on *Havens v. Miller* (1981), 102 Ill. App. 3d 558, for the position that substantial compliance cannot satisfy a mandatory statutory requirement, is misplaced. In *Havens* failure to comply with a similar statute was based, not on a technical violation as in the present case, but on the circulator's failure to certify under oath that he believed the signers had given their correct residence addresses. Furthermore, the court did not find compliance to be substantial. It rejected the argument that the statements of the signers themselves were sufficient to fulfill the requirement of the circulator's affidavit. Recog-

630

nizing a circulator's affidavit as one of the primary safeguards against fraudulent petitions, the court found this omission to constitute a complete failure to comply with the statutory requirement.

This court has found substantial compliance to satisfy section 7—10 where deviations therefrom were technical in nature. (*Lewis v. Dunne* (1976), 63 Ill. 2d 48, 344 N.E.2d 443; *Schumann v. Kumarich* (1981), 102 Ill. App. 3d 454.) In *Schumann*, the circulator, who also was the candidate, neglected to state his address at the bottom of the petition as required by section 7—10. The court, however, found that the appearance of his address as a candidate at the top of the petition constituted substantial compliance. In *Lewis*, the candidate failed to specify in his statement of candidacy, as required by section 7—10, the vacancy he sought to fill. Nevertheless, the court found substantial compliance because the information was contained in his petition. Since there was no conflict between the two documents and no basis for confusion, the court held that they could be read together to satisfy the requirement.

■■ Likewise, under these circumstances, where the petition consists of only five pages and the street and number of the circulator, although omitted from page 3, are included on page 2, the circulator has substantially complied with section 7—10, thus satisfying the mandatory provision in question.

For the foregoing reasons, the judgment of the circuit court of Cook County upholding the decision of the Cook County Officers Electoral Board is affirmed.

Judgment affirmed.

WHITE, P. J., and McGILLICUDDY, J., concur.