THE DU PAGE COUNTY BOARD OF ELECTION COMMISSIONERS *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF LOMBARD *et al.*, Defendants-Appellees.

Second District   No. 2—86—0632

Opinion filed June 30, 1987.

Kenneth R. Menzel, of Wheaton, for appellants.

Rita Elsner, of Lombard, Kenneth T. Kubiesa, of Kubiesa & Power, Ltd., Bruce R. Kelsey, of West Chicago, and Gerald M. Gorski, of Wheaton, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, the Du Page County board of election commissioners (board), appeals from a summary judgment entered in favor of defendants, the village of Lombard, the city of Elmhurst, the city of West Chicago and the city of Willowbrook, in which the court determined that the board was solely responsible for expenses it incurred

in making requested discovery recounts of certain municipal elections. The board contends that the defendant municipalities are responsible for all costs incurred in a discovery recount of their municipal election.

On April 2, 1985, the board conducted a consolidated election for township, municipal and park district offices at which officers were elected within such defendant municipality. Following the canvass and proclamation of results by defendants' local canvassing boards, four unsuccessful candidates for municipal office filed petitions for discovery recounts with the board (Ill. Rev. Stat. 1985, ch. 46, pars. 22—9.1, 22—17), and the board notified each defendant municipality to reconvene its local canvassing board to conduct the discovery recounts. In its notice, the board stated that it would bill defendants for expenses it incurred in scheduling and conducting the recounts, including costs for personnel, computer time and computer programming. Upon recount, defendants' canvassing boards found no error in the proclaimed results and the candidates did not file an election contest.

Subsequently, the board filed separate complaints against defendants in the circuit court seeking compensation for its costs in the discovery recounts, and the cases were consolidated. The parties filed cross motions for summary judgment and after the court denied the board's motion and granted defendants' motion for summary judgment, the board appealed.

The board's sole contention on appeal is that a municipality must bear the financial responsibility for discovery recounts. It first argues that the history and structure of the Election Code indicates that the legislature did not intend to make the county, which funds the board, responsible for expenses resulting from a municipal election recount.

Prior to 1980, section 3—2—2 of the Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 3—2—2) provided that municipalities should follow the Election Code (Ill. Rev. Stat. 1977, ch. 46, par. 1—1, *et seq.*) as nearly as possible in the conduct of their elections. The municipal authorities were charged with the responsibility to print and distribute the ballots, count the ballots, examine and canvass the returns and declare the results of municipal elections. After 1980, the Election Code was modified to give counties control over the conduct of elections, *i.e.*, registration of voters (Ill. Rev. Stat. 1985, ch. 46, pars. 4—4, 5—4); notice of elections (Ill. Rev. Stat. 1985, ch. 46, par. 12—1); appointing election judges (Ill. Rev. Stat. 1985, ch. 46, pars. 13—1, 13—2); providing ballot boxes (Ill. Rev. Stat. 1985, ch. 46, par. 15—1) and polling booths (Ill. Rev. Stat. 1985, ch. 46, par. 17—8); printing the ballots (Ill. Rev. Stat. 1985, ch. 46, par. 16—5); paying the election

commissioners (Ill. Rev. Stat. 1985, ch. 46, par. 6—70); and establishing the precincts and places of election (Ill. Rev. Stat. 1985, ch. 46, par. 11—2). However, the municipalities retain responsibility, *inter alia,* for the certification of municipal candidates before the election (Ill. Rev. Stat. 1985, ch. 46, pars. 7—13, 7—13.1, 10—15) and conducting discovery recounts of municipal candidates (Ill. Rev. Stat. 1985, ch. 46, par. 22—9.1, 22—17). The board terms these municipal functions "pre-election" and "post-election" activities and argues that the legislature intended that the responsibility for costs for such activities remain with the municipalities.

The board also notes that Public Act 80—1469 (1978 Ill. Laws 1786), which consolidated Illinois elections under county control and management, originally called for the county to assess the local units for their proportional shares of the costs of each election. However, when that process proved too complex and vague to administer, the legislature shifted the primary burden of election costs to the county in Public Act 81—814 (1979 Ill. Laws 2934). Section 17—30 of the Election Code presently provides:

> "Except as provided herein, each county shall provide for and pay the costs and expenses of all elections within the county ***." (Ill. Rev. Stat. 1985, ch. 46, par. 17—30.)

The board argues that as the legislature did not specifically transfer the responsibility for costs resulting from municipal preelection and post-election functions such as discovery recounts to the county, the costs must remain with the municipalities. The board finds support for its position in the fact that the sole provision in the Election Code relating to discovery recount (Ill. Rev. Stat. 1985, ch. 46, par. 22—9.1) does not expressly assign the costs of a recount to the county.

■ Generally, a statute will not be construed to effect a change in the settled law of the State unless its terms clearly require such a construction. (*In re Contest of the Election for the Offices of Governor and Lieutenant Governor* (1983), 93 Ill. 2d 463, 483, 444 N.E.2d 170.) Toward this end, the intent of the legislature can best be determined by the plain and ordinary meaning of the statutory language. *Du Page County v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076.

We first note that the Election Code does not make a distinction between preelection, election and post-election activities, and we are not persuaded by the board's argument that such a distinction exists between county and municipal functions. The Election Code also provides that counties are responsible for certain activities, such as registration of voters and payment of the election commissioners, which

could be termed preelection and post-election activities and it is clearly the intent that the financial burden of these activities does not fall upon the municipalities.

Moreover, the Election Code evidences an intent on the part of the legislature to shift the responsibility for the administration and costs of elections from the municipalities to the county government. Although the section of the Election Code relating to discovery recounts does not specifically address the issue of costs, the plain and ordinary meaning of section 17—30 is that unless excepted therein, that the county bear the burden of election costs, and election recounts are not excepted. We conclude that the board was responsible for the costs it incurred from the discovery recount.

■ Support for this conclusion is found in section 17—33 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 17—33), which states that the county government may recover costs and expenses from municipalities in connection with special elections or emergency referenda, but does not note any further exceptions to the general rule that the county will bear the expenses of all elections. An expression of certain exceptions in a statute is construed as an exclusion of all others. (*People ex rel. Difanis v. Barr* (1980), 83 Ill. 2d 191, 199, 414 N.E.2d 731; *Panarese v. Hosty* (1982), 104 Ill. App. 3d 627, 629, 432 N.E.2d 1333.) As the legislature did not exclude municipal election activities, such as recounts of local elections, from section 17—33, it is apparent it intended that the county bear the cost of such activities.

■ The board also asserts that public policy considerations under the State Mandates Act (Ill. Rev. Stat. 1985, ch. 85, par. 2201 *et seq.*) require that the municipalities bear the expense of discovery recounts. The State Mandates Act provides that the State must reimburse units of local government for increased costs caused by State laws creating new programs or expanding existing ones. The board argues that the State Mandates Act exemplifies a public policy that the unit of government charged by law to act is the unit responsible for the cost of the action and that defendants must, therefore, be responsible with all expenses resulting from the discovery recounts.

We need not determine whether the board's interpretation of the policy underlying the States Mandate Act is correct. In accordance with section 22—9.1 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 22—9.1), the board exercised a considerable degree of control over the discovery recount process. The record shows that the board received the petitions for recount and filing fees, ruled on the sufficiency of the petitions, notified the local canvassing boards, set the time and place of the recount hearing, established the rules and proce-

dures to be followed at the hearing, retained possession of the ballots, and that board personnel ran the computer program to recount the ballots. Even under the board's understanding of the States Mandate Act, it was not improper to charge the board with those expenses it incurred in participating in the discovery recounts.

The clear public policy seen in the Election Code is to transfer responsibility for coordination of the election process and the attendant costs from the municipalities to the county, and we find, therefore, that the board is responsible for the expenses it incurred during the recount process in these cases.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

DUNN and INGLIS, JJ., concur.