LINDA JONES *et al.*, Plaintiffs-Appellants, v. GEARY DODENDORF *et al.*, Indiv. and together constituting the Electoral Board of the Board of Education of Palisades Community Consolidated School District No. 180 of Du Page and Cook Counties, *et al.*, Defendants-Appellees.

Second District No. 2—89—1020

Opinion filed October 27, 1989.

558

Peter M. Barron, of Northbrook, for appellants.

Demling & Eckhardt, of Glen Ellyn (Thomas A. Eckhardt, of counsel), for appellees Geary Dodendorf, Richard Flaks, Clifford M. Carney, and Electoral Board of Education of Palisades Community Consolidated School District No. 180.

James H. Wheelock, of Hinsdale, appellee *pro se.*

JUSTICE INGLIS delivered the opinion of the court:

The issue in this case is the right of plaintiffs, Linda Jones, Anthony Kramer, William Nash and James Valukas, to have their names printed on the ballot as candidates for School Board members of Palisades Community Consolidated School District No. 180. Defendant, electoral board (Board), ruled against petitioners, holding that the pages of plaintiffs' nominating petitions were not numbered and, therefore, were invalid. The circuit court of Du Page County affirmed the order of the Board and held that the provisions of section 10—4 of the Election Code (Ill. Rev. Stat. 1987, ch. 46, par. 10—4) were mandatory. Because of the imminence of the election and the need for a prompt decision, this court allowed an expedited appeal.

Three issues are raised on appeal: (1) whether the provision of section 10—4 of the Election Code regarding page numbering is mandatory or directory; (2) whether there was substantial compliance by plaintiffs; and (3) whether plaintiffs' constitutional rights were violated by removing their names from the ballot.

On appeal, the decision of the Board will not be reversed or set aside unless it is against the manifest weight of the evidence, that is, unless it is arbitrary and unsupported. Ill. Rev. Stat. 1987, ch. 46, par. 10—10.1; *Huskey v. Municipal Officers Electoral Board* (1987), 156 Ill. App. 3d 201, 204; *Williams v. Butler* (1976), 35 Ill. App. 3d 532, 538.

Section 10—4 provides in part:

"[The petition] sheets, before being presented to the *** electoral district or division of the State or municipality, as the case may be, shall be neatly fastened together in book form, by placing the sheets in a pile and fastening them together at one edge in a secure and suitable manner, *and the sheets shall*

*then be numbered consecutively."* (Emphasis added.) Ill. Rev. Stat. 1987, ch. 46, par. 10—4.

Plaintiffs contend that the provision of section 10—4 regarding page numbering is directory rather than mandatory. Plaintiffs argue that because it is directory, noncompliance with the provision does not justify invalidating their petitions.

■ In determining whether a provision is mandatory or directory, it is necessary to ascertain the intent of the legislature or political body which enacted the law. (*Havens v. Miller* (1981), 102 Ill. App. 3d 558, 565.) The first place to look for the intent of a statutory provision is in the language of the statute itself. *Havens*, 102 Ill. App. 3d at 565.

■ Section 10—4 of the Election Code provides that the result of noncompliance with the petition requirements is that "[n]o signature shall be valid or be counted in considering the validity or sufficiency of such petition unless the requirements of this Section are complied with." (Ill. Rev. Stat. 1987, ch. 46, par. 10—4; *Huskey*, 156 Ill. App. 3d at 204.) When a statute specifies what result will ensue if its terms are not complied with, the statute is deemed mandatory. (*Havens*, 102 Ill. App. 3d at 566.) As such, we find that the requirements of section 10—4 are mandatory. (*Huskey*, 156 Ill. App. 3d at 204; *Schumann v. Kumarich* (1981), 102 Ill. App. 3d 454, 458; see also *Bowe v. Chicago Electoral Board* (1980), 79 Ill. 2d 469, 470.) Further, the provision in question provides that "the sheets *shall* then be numbered consecutively." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 46, par. 10—4.) Such language generally evidences the legislature's mandatory intent. *Simmons v. DuBose* (1986), 142 Ill. App. 3d 1077, 1080.

Plaintiffs next argue that even if the numbering provision is mandatory, substantial compliance with the provisions of section 10—4, as a whole, is sufficient, and technical violations of the statute do not justify invalidating nominating petitions. In support of their argument, plaintiffs cite *Stevenson v. County Officers Electoral Board* (1978), 58 Ill. App. 3d 24. In *Stevenson*, the court held that a candidate's failure to number the pages of his 48-page nominating petition was a technical violation of the Election Code and, thus, the candidate was entitled to have his name on the ballot in spite of his nonconformance with the provision. *Stevenson*, 58 Ill. App. 3d at 26.

In reaching its holding, the court in *Stevenson* relied on *Williams v. Butler* (1976), 35 Ill. App. 3d 532. In *Williams*, the pages of the candidate's petition were numbered 1 through 323; however, there was no page 191. The court held that "[n]oncompliance with the pro-

vision in the failure to insert or number a page is a mere technicality and cannot invalidate a petition." *Williams*, 35 Ill. App. 3d at 535.

■ Plaintiffs argue that their failure to number the pages of their 12-page petitions was similarly technical and did not justify the invalidation of their petitions. We disagree.

While substantial compliance with the provisions of the Election Code has been held to be sufficient (see, *e.g., Panarese v. Hosty* (1982), 104 Ill. App. 3d 627, 630), we do not believe that a candidate who completely ignores one of the statutory elements can be said to have "substantially complied" with it. We reject the court's decision in *Stevenson* to the extent that it holds to the contrary. We believe that the rationale of the *Stevenson* court was faulty when it applied *Williams v. Butler* to the facts before it. The court in *Williams* held that "the failure to insert or number *a* page is a mere technicality." (Emphasis added.) (*Williams*, 35 Ill. App. 3d at 535.) It seems obvious that the failure to number *a* page is far less significant than the failure to number *any* of the pages.

Having rejected the holding in *Stevenson*, plaintiffs' argument that they have substantially complied with the provisions of section 10—4 can be easily dismissed. Plaintiffs contend that compliance with the section, as a whole, is sufficient. However, the cases cited by plaintiffs do not support their contention. In the applicable cited cases there was at least some type of compliance with the specific requirement at issue. (See, *e.g., Ryan v. Landek* (1987), 159 Ill. App. 3d 10; *Panarese v. Hosty* (1982), 104 Ill. App. 3d 627.) In the case at bar, there was simply no attempt made to comply with the numbering requirement.

Even if we were to accept plaintiffs' argument that compliance in general is sufficient, it is not entirely clear that plaintiffs' petitions would be acceptable. The record reveals that the plaintiffs' petitions failed to strictly comply with the Election Code in several respects: (1) the pages were not numbered consecutively (Ill. Rev. Stat. 1987, ch. 46, par. 10—4); (2) the petitions were bound by paper clips, rather than in "book form" (Ill. Rev. Stat. 1987, ch. 46, par. 10—4); (3) three of the candidates failed to write in the word "Election" above their signatures (Ill. Rev. Stat. 1987, ch. 46, par. 10—5(3)); and (4) one of the candidates submitted a petition that contained the names of three people who signed and dated the petition after it was notarized (Ill. Rev. Stat. 1987, ch. 46, par. 10—4).

While the Board found that plaintiffs' actions in (2) and (3) above were in substantial compliance with the Election Code, we mention them now only to indicate that plaintiffs' failure to number the pages

of their petitions was not their only deviation from the Code's requirements.

Plaintiffs argue that so long as the purpose of the requirement is satisfied, substantial compliance must exist. Plaintiffs contend that the purpose of requiring candidates to number the pages of their petitions is "solely for convenience so that persons looking at a candidate's nominating petitions [sic] may be able to identify specific pages or refer to information contained thereon by reference to a page number." Plaintiffs claim that despite the lack of numbers, there are other ways to identify, and describe, the specific pages of each petition.

However, we believe there is an additional purpose for the numbering requirement, aside from aiding in identification. By having the papers bound and numbered, it prevents tampering, thereby preserving not only the integrity of the petitions submitted, but also the election process in general. (But see *Williams*, 35 Ill. App. 3d at 535.) The petitions submitted in the case at bar were not numbered in any form or manner. There would have been no way to effectively ascertain whether additional pages were later inserted or whether original pages were missing. Thus, not all of the purposes for the numbering requirement were satisfied.

In their final argument, plaintiffs contend that it is constitutionally impermissible to remove their names from the ballot for their failure to number the pages of their petitions.

Before a candidate can be denied a place on the ballot, the rights of both the candidate and the voters must be taken into consideration. (*Huskey v. Municipal Officers Electoral Board* (1987), 156 Ill. App. 3d 201, 205.) In addition, the interest of the State in regulating elections must be recognized. The crucial question is whether it is conceivable that removing these candidates from the ballot has a rational relationship to a legitimate governmental objective. *Huskey*, 156 Ill. App. 3d at 205; *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 570.

Plaintiffs argue that there is no rational relationship between their removal from the ballot and the objective of the numbering requirement. We disagree.

■■ As stated above, in addition to aiding in identification, we believe a legitimate objective of the numbering requirement is to prevent persons from tampering with the petitions. In addition, it is conceivable that the sanctions imposed for noncompliance with section 10—4 of the Election Code will further the State's valid interest in protecting the integrity of the electoral process by helping to in-

sure that candidates will strictly comply with the requirements of these election laws. (*Havens*, 102 Ill. App. 3d at 571.) Thus, we find that the sanction of removing these candidates from the ballot is rationally related to the legitimate interests of the State and, therefore, is constitutionally permissible.

For the above-stated reasons, we affirm the decision of the circuit court.

Affirmed.

UNVERZAGT, P.J., and WOODWARD, J., concur.