WILLIAM C. KING *et al.*, Petitioners-Appellants, v. THE JUSTICE PARTY *et al.*, Respondents-Appellees.

First District (4th Division)    No. 1—96—3478

Opinion filed October 30, 1996.

Lavelle, Juneau & McCollom, Ltd., of Oak Park (Michael E. Lavelle, of counsel), for appellants.

Susan Fox Gillis, of Schoen & Smith, Ltd., of Chicago, for appellee Cook County Officers Electoral Board.

Nathaniel Howse, Jr., Leonard Murray, and R. Eugene Pincham, of Chicago, for appellee Justice Party.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

On August 5, 1996, the respondents, the Justice Party and its candidates, R. Eugene Pincham, Janet Dennis and Smith Wiiams (collectively referred to as Candidates), filed a nomination petition (Petition) with the Cook County clerk so that the Candidates' names would appear on the ballot for various Cook County offices to be voted upon at the general election on November 5, 1996. On August 12, 1996, the petitioners, William C. King, William A. Brown and Joe E. Jacobs, filed objections to the Petition, seeking to have the Candidates' names removed from the ballot.

The Cook County Officers Electoral Board (Board) issued a unanimous decision on September 12, 1996, overruling the objections, declaring the Petition valid, and ordering the names of the Candidates to be printed on the ballot for the November 5 election. On September 20, 1996, the petitioners filed a petition for judicial review of the Board's decision in the circuit court of Cook County. The circuit court issued an order on October 3, 1996, affirming the decision of the Board and denying the petition for review. This appeal followed and, for the reasons that follow, we affirm.

In order for the Candidates' names to appear on the ballot for the

general election on November 5, 1996, the Justice Party was required to file a nominating petition containing the signatures of 25,000 registered voters. See 10 ILCS 5/10—3 (West 1994). In actuality, the Petition contains in excess of 100,000 signatures.

The petitioners argue on appeal, as they did before the Board and the trial court, that the entire Petition is void as its pages are not consecutively numbered in accordance with the provisions of section 10—4 of the Election Code (Code) (10 ILCS 5/10—4 (West 1994)). They also contend the trial court erred in holding that the evidence supported the Board's finding that 349 of the challenged pages of the Petition contained legible page numbers.

■ The findings of fact of an electoral board are *prima facie* true and correct. *Wicker v. Town of Cicero Municipal Officers Electoral Board*, 247 Ill. App. 3d 200, 617 N.E.2d 297 (1993). The function of a court on judicial review is to ascertain whether the findings and decision of the electoral board are against the manifest weight of the evidence. *Williams v. Butler*, 35 Ill. App. 3d 532, 341 N.E.2d 394 (1976). A decision is against the manifest weight of the evidence only if the opposite conclusion is clearly evident. *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88, 606 N.E.2d 1111, 1117 (1992). The fact that an opposite conclusion is reasonable or that the reviewing court might have ruled differently based upon the same evidence will not justify a reversal of the findings of an administrative agency. *Abrahamson*, 153 Ill. 2d at 89, 606 N.E.2d at 1117. Determinations as to the weight of evidence and the credibility of witnesses are uniquely within the province of the agency (*Hahn v. Police Pension Fund*, 138 Ill. App. 3d 206, 485 N.E.2d 871 (1985)), and a court will not substitute its judgment for that of the agency on such matters (*Abrahamson*, 153 Ill. 2d at 89, 606 N.E.2d at 1117). Where the findings of the agency are supported by competent evidence in the record, its decision should be affirmed. *Commonwealth Edison Co. v. Property Tax Appeal Board*, 102 Ill. 2d 443, 468 N.E.2d 948 (1984). A court is not bound, however, by an administrative agency's interpretation of a statute. *City of Decatur v. American Federation of State, County & Municipal Employees, Local 268*, 122 Ill. 2d 353, 361, 522 N.E.2d 1219 (1988).

The record before us reveals that the Board ordered a pagination check of the Petition to be conducted by its clerks. Thereafter, the Board reviewed the clerks' findings and the original Petition. Based upon that review and the evidence before it, the Board found that the Petition consisted of 4,427 pages, numbered 1 to 1790 and 1793 to 4429; and 16 pages bearing no numbers at all. The Board also found that no two of the numbered pages bore the same number, and

that each of the numbered pages was identified by its own unique number. Those findings are *prima facie* true and correct. Nevertheless, the petitioners argue that the findings are against the manifest weight of the evidence as they relate to 349 of the pages that the Board found to be properly numbered. According to the petitioners, an examination of the questioned pages reveals that one or more of the digits of each page number are illegible.

The parties are in agreement that the original Petition was never filed as part of the record before the trial court. A photocopy was filed as part of the Board's answer, without objection by the petitioners.

■ The burden rests upon the appellant to provide a sufficient record to support a claim of error. *Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92, 634 N.E.2d 373 (1994). In the absence of a record sufficient to permit a court to address the claims of error raised, the court must presume that the judgment appealed from was entered in conformity with established legal principles and was supported by competent evidence. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984).

■ Without access to the original Petition, we are at a loss to understand how either the trial court or this court could find the Board's determination to be against the manifest weight of the evidence as suggested by the petitioners. The petitioners filed a motion before us for an order compelling that the original 349 questioned pages of the Petition be filed as part of the record on appeal. However, our review is limited to a consideration of the record before the trial court. Since the original Petition was never presented to the trial court, we cannot consider it. See *Prochnow v. El Paso Golf Club, Inc.*, 253 Ill. App. 3d 387, 625 N.E.2d 769 (1993). Further, since the petitioners never objected to the Board's failure to file the original Petition as part of its answer, they cannot raise the issue for the first time before this court as points not raised before the trial court are deemed waived on review. *People v. Evans*, 125 Ill. 2d 50, 530 N.E.2d 1360 (1988).

Because of the deference given to the factual findings of an electoral board and the absence of the original Petition in the record before the trial court, we find no error in the trial court's determination that the findings of the Board are not against the manifest weight of the evidence. We are left then with a single issue of law: namely, whether the presence of 16 unnumbered pages and the absence of pages numbered 1,791 and 1,792 render the entire Petition statutorily deficient, requiring the Candidates' removal from the ballot.

■ Section 10—4 of the Code provides in pertinent part:

"All petitions for nomination under this Article 10 for candidates for public office in this State, shall in addition to other requirements provided by law, be as follows: *** the sheets shall *** be numbered consecutively." 10 ILCS 5/10—4 (West 1994).

The petitioners argue that the consecutive-page-numbering provision of section 10—4 is mandatory and, if violated, requires the candidate's removal from the ballot. In support of this proposition, the petitioners rely upon the holdings in *Hagen v. Stone*, 277 Ill. App. 3d 388, 660 N.E.2d 189 (1995), *Wollan v. Jacoby*, 274 Ill. App. 3d 388, 653 N.E.2d 1303 (1995), and *Jones v. Dodendorf*, 190 Ill. App. 3d 557, 546 N.E.2d 92 (1989).

■ To be sure, *Hagen*, *Wollan*, and *Jones* each stands for the proposition that the page-numbering provision of section 10—4 is mandatory. *Hagen*, 277 Ill. App. 3d at 391; *Wollan*, 274 Ill. App. 3d at 393; *Jones*, 190 Ill. App. 3d at 560. However, substantial compliance can satisfy even mandatory provisions of the Code. See *Panarese v. Hosty*, 104 Ill. App. 3d 627, 432 N.E.2d 1333 (1982). Further, *Hagen* and *Jones* are factually distinguishable from the instant case. In *Hagen* and *Jones*, there was no substantial compliance with section 10—4 as the petitions in issue were entirely unnumbered (*Hagen*, 277 Ill. App. 3d at 391; *Jones*, 190 Ill. App. 3d at 559); whereas, in this case, 4,427 pages of the Petition were numbered, and only the absence of pages 1,791 and 1,792 rendered their numbering nonconsecutive. We are uncertain from the factual recitation in *Wollan* whether the entire petition or only a single page was unnumbered, but the case does seem to stand for the proposition that even the slightest deviation from the pagination requirements of section 10—4 invalidates the entire petition and justifies the removal of the candidate from the ballot. *Wollan*, 274 Ill. App. 3d at 393-94. To the extent that *Wollan* can be so interpreted, we decline to follow it.

The court in *Jones*, faced with a violation of section 10—4, found that failure to number a single page in a petition is far less significant than a total failure to number any of the pages. *Jones*, 190 Ill. App. 3d at 561. Relying upon the holding in *Williams v. Butler*, 35 Ill. App. 3d 532, 341 N.E.2d 394 (1976), the *Jones* court acknowledged that the failure to insert or number a single page is a mere technicality that does not invalidate a petition. *Jones*, 190 Ill. App. 3d at 561. We find *Jones* and *Williams* to be well reasoned on this issue.

In this case, the Candidates filed a petition containing more than 100,000 signatures, over 75,000 in excess of the number required by the Code. Further, the petitioners never challenged 60,000 of those signatures. Discounting the signatures contained on the 16 un-

numbered pages of the Petition, as did the Board, and taking into consideration the absence of pages numbered 1791 and 1792, we find no error in the Board's determination that the Petition complied with the requirements of section 10—4 of the Code. Compliance was not strict, it was substantial; but it was compliance nonetheless. *Jones*, 190 Ill. App. 3d 557, 546 N.E.2d 92; *Williams*, 35 Ill. App. 3d 532, 341 N.E.2d 394.

Affirmed.

CAHILL and THEIS, JJ., concur.