FOURTH DIVISION
 FILED:

No. 1-96-3478

WILLIAM C. KING, WILLIAM A. BROWN, and ) APPEAL FROM THE
JOE E. JACOBS, ) CIRCUIT COURT OF
 ) COOK COUNTY
 Petitioners-Appellants, )
 )
 v. )
 )
THE JUSTICE PARTY, R. EUGENE PINCHAM, )
JANET DENNIS, SMITH WIIAMS, THE COOK )
OFFICERS ELECTORAL BOARD, and its )
members, DAVIS ORR, EDWARD J. ROSEWELL, )
and MICHAEL SHEAHAN, ) HONORABLE
 ) CURTIS HEASTON,
 Respondents-Appellees. ) JUDGE PRESIDING.

 PRESIDING JUSTICE HOFFMAN delivered the opinion of the
court:
 On August 5, 1996, the respondents, The Justice Party and
its candidates, R. Eugene Pincham, Janet Dennis and Smith Wiiams
(collectively referred to as Candidates), filed a nomination
petition (Petition) with the Cook County Clerk so that the
Candidates' names would appear on the ballot for various Cook
County offices to be voted upon at the general election on
November 5, 1996. On August 12, 1996, the petitioners, William
C. King, William A. Brown and Joe E. Jacobs, filed objections
tothe Petition seeking to have the Candidates' names removed from
the ballot. 
 The Cook County Officers Electoral Board (Board) issued a
unanimous decision on September 12, 1996, overruling the objec-
tions, declaring the Petition valid, and ordering the names of
the Candidates to be printed on the ballot for the November 5
election. On September 20, 1996, the petitioners filed a peti-
tion for judicial review of the Board's decision in the circuit
court of Cook County. The circuit court issued an order on
October 3, 1996, affirming the decision of the Board and denying
the petition for review. This appeal followed and, for the
reasons which follow, we affirm.
 In order for the Candidates' names to appear on the ballot
for the general election on November 5, 1996, the Justice Party
was required to file a nominating petition containing the signa-
tures of 25,000 registered voters. See 10 ILCS 5/10-3 (West
1994). In actuality, the Petition contains in excess of 100,000
signatures. 
 The petitioners argue on appeal, as they did before the
Board and the trial court, that the entire Petition is void as
its pages are not consecutively numbered in accordance with the
provisions of section 10-4 of the Election Code (Code) (10 ILCS
5/10-4 (West 1994)). They also contend the trial court erred in
holding that the evidence supported the Board's finding that 349
of the challenged pages of the Petition contained legible page
numbers. 
 The findings of fact of an electoral board are prima facie
true and correct. Wicker v. Town of Cicero Municipal Officers
Electoral Board, 247 Ill. App. 3d 200, 617 N.E.2d 297 (1993). 
The function of a court on judicial review is to ascertain
whether the findings and decision of the electoral board are
against the manifest weight of the evidence. Williams v. Butler,
35 Ill. App. 3d 532, 341 N.E.2d 394 (1976). A decision is
against the manifest weight of the evidence only if the opposite
conclusion is clearly evident. Abrahamson v. Illinois Department
of Professional Regulation, 153 Ill. 2d 76, 88, 606 N.E.2d 1111,
1117 (1992). The fact that an opposite conclusion is reasonable
or that the reviewing court might have ruled differently based
upon the same evidence will not justify a reversal of the find-
ings of an administrative agency. Abrahamson, 153 Ill. 2d at 89,
606 N.E.2d at 1117. Determinations as to the weight of evidence
and the credibility of witnesses are uniquely within the province
of the agency (Hahn v. Police Pension Fund, 138 Ill. App. 3d 206,
485 N.E.2d 871 (1985)), and a court will not substitute its
judgment for that of the agency on such matters (Abrahamson, 153
Ill. 2d at 89, 606 N.E.2d at 1117). Where the findings of the
agency are supported by competent evidence in the record, its
decision should be affirmed. Commonwealth Edison Co. v. Property
Tax Appeal Board, 102 Ill. 2d 443, 468 N.E.2d 948 (1984). A
court is not bound, however, by an administrative agency's
interpretation of a statute. City of Decatur v. American Feder-
ation of State, County & Municipal Employees, Local 268, 122 Ill.
2d 353, 361, 522 N.E.2d 1219 (1988).

 The record before us reveals that the Board ordered a
pagination check of the Petition to be conducted by its clerks. 
Thereafter, the Board reviewed the clerks' findings and the
original Petition. Based upon that review and the evidence
before it, the Board found that the Petition consisted of 4427
pages, numbered 1 to 1790 and 1793 to 4429; and 16 pages bearing
no numbers at all. The Board also found that no two of the
numbered pages bore the same number, and that each of the num-
bered pages were identified by its own unique number. Those
findings are prima facie true and correct. Nevertheless, the
petitioners argue that the findings are against the manifest
weight of the evidence as they relate to 349 of the pages that
the Board found to be properly numbered. According to the
petitioners, an examination of the questioned pages reveals that
one or more of the digits of each page number is illegible. 
 The parties are in agreement that the original Petition was
never filed as part of the record before the trial court. A
photocopy was filed as part of the Board's answer, without objec-
tion by the petitioners. 
 The burden rests upon the appellant to provide a sufficient
record to support a claim of error. Landau & Associates, P.C. v.
Kennedy, 262 Ill. App. 3d 89, 92, 634 N.E.2d 373 (1994). In the
absence of a record sufficient to permit a court to address the
claims of error raised, the court must presume that the judgment
appealed from was entered in conformity with established legal
principles and was supported by competent evidence. Foutch v.
O'Bryant, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984). 
 Without access to the original Petition, we are at a loss to
understand how either the trial court or this court could find
the Board's determination to be against the manifest weight of
the evidence as suggested by the petitioners. The petitioners
filed a motion before us for an order compelling that the origi-
nal 349 questioned pages of the Petition be filed as part of the
record on appeal. However, our review is limited to a consider-
ation of the record before the trial court. Since the original
Petition was never presented to the trial court, we cannot
consider it. See Prochnow v. El Paso Golf Club, Inc. 253 Ill.
App. 3d 387, 625 N.E.2d 769 (1993). Further, since the peti-
tioners never objected to the Board's failure to file the origi-
nal Petition as part of its answer, they cannot raise the issue
for the first time before this court as points not raised before
the trial court are deemed waived on review. People v. Evans,
125 Ill. 2d 50, 530 N.E.2d 1360 (1988). 
 Because of the deference given to the factual findings of an
electoral board and the absence of the original Petition in the
record before the trial court, we find no error in the trial
court's determination that the findings of the Board are not
against the manifest weight of the evidence. We are left then
with a single issue of law, namely: whether the presence of 16
unnumbered pages and the absence of pages numbered 1791 and 1792
renders the entire Petition statutorily deficient requiring the
Candidates removal from the ballot. Section 10-4 of the
Code provides in pertinent part that:
 "All petitions for nomination under this Article
 10 for candidates for public office in this State,
 shall in addition to other requirements provided by
 law, be as follows: *** the sheets shall *** be num
 bered consecutively." 10 ILCS 5/10-4 (West 1994).
 The petitioners argue that the consecutive page numbering provi-
sion of section 10-4 is mandatory and, if violated, requires the
candidate's removal from the ballot. In support of this propo-
sition, the petitioners rely upon the holdings in Hagen v. Stone,
277 Ill. App. 3d 388, 660 N.E.2d 189 (1995); Wollan v. Jacoby,
274 Ill. App. 3d 388, 653 N.E.2d 1303 (1995); and Jones v.
Dodendorf, 190 Ill. App. 3d 557, 546 N.E.2d 92 (1989). 
 To be sure, Hagen, Wollen, and Jones each stand for the
proposition that the page numbering provision of section 10-4 is
mandatory. Hagen, 277 Ill. App. 3d at 391; Wollen, 274 Ill. App.
3d at 393; Jones, 190 Ill. App. 3d at 560. However, substantial
compliance can satisfy even mandatory provisions of the Code. 
See Panarese v. Hosty, 104 Ill. App. 3d 627, 432 N.E.2d 1333
(1982). Further, Hagen and Jones are factually distinguishable
from the instant case. In Hagen and Jones there was no substan-
tial compliance with section 10-4 as the petitions in issue were
entirely unnumbered (Hagen, 277 Ill. App. 3d at 391; Jones, 190
Ill. App. 3d at 559); whereas, in this case, 4427 pages of the
Petition were numbered, and only the absence of pages 1791 and
1792 rendered their numbering nonconsecutive. We are uncertain
from the factual recitation in Wollen whether the entire petition
or only a single page was unnumbered, but the case does seem to
stand for the proposition that even the slightest deviation from
the pagination requirements of section 10-4 invalidates the
entire petition and justifies the removal of the candidate from
the ballot. Wollan, 274 Ill. App. 3d at 393-94. To the extent
that Wollan can be so interpreted, we decline to follow it.
 The court in Jones, faced with a violation of section 10-4,
found that failure to number a single page in a petition is far
less significant than a total failure to number any of the pages. 
Jones, 190 Ill. App. 3d at 561. Relying upon the holding in 
Williams v. Butler, 35 Ill. App. 3d 532, 341 N.E.2d 394 (1976),
the Jones court acknowledged that the failure to insert or number
a single page is a mere technicality which does not invalidate a
petition. Jones, 190 Ill. App. 3d at 561. We find Jones and 
Williams to be well reasoned on this issue.
 In this case, the Candidates filed a petition containing more
than 100,000 signatures, over 75,000 in excess of the number
required by the Code. Further, the petitioners never challenged
60,000 of those signatures. Discounting the signatures contained
on the 16 unnumbered pages of the Petition as did the Board, and
taking into consideration the absence of pages numbered 1791 and
1792, we find no error in the Board's determination that the
Petition complied with the requirements of section 10-4 of the
Code. Compliance was not strict, it was substantial; but it was
compliance none the less. Jones, 190 Ill. App. 3d 557; Williams,
35 Ill. App. 3d 532. 
 Affirmed.