RICHARD GIROT, Petitioner-Appellant, v. KENNETH KEITH, Objector (Municipal Officers Electoral Board of the City of Braidwood *et al.*, Respondents-Appellees).

Third District   No. 3—03—0073

Opinion filed July 11, 2003.—Rehearing denied August 19, 2003.

Scott Pyles, of Krockey, Cernugel, Cowgill, Clark & Pyles, of Joliet, for appellant.

Donna Baffoe McDonald, of Odelson & Sterk, Ltd., of Evergreen Park, for appellee Kenneth Keith.

Vincent Cainkar, of Burbank, for other appellees.

JUSTICE LYTTON delivered the opinion of the court:

Richard Girot filed nominating petitions for mayor of the City of Braidwood. Kenneth Keith filed several objections to the petitions alleging their insufficiency. The Municipal Officers Electoral Board of the City of Braidwood (Board) sustained Keith's objections. Girot sought judicial review, and the trial court affirmed the Board's decision. We affirm.

Richard Girot filed a statement of candidacy and petitions with Braidwood city clerk Sue Grygiel, seeking his placement on the ballot for a mayoral election in the City of Braidwood. The city was holding a consolidated primary election for the position on February 25, 2003, and a consolidated election on April 1, 2003. The statement of candidacy asserted that Girot was seeking to be a candidate for mayor in the election to be held January 27, 2002.

Two weeks after Girot submitted his petitions, Keith objected to them, asserting that Girot failed to specify the date of the election in which he sought candidacy, that Girot failed to specify whether he sought inclusion in the primary or the general election, and that Girot failed to bind his petitions. Keith asserted that these deficiencies in the petitions invalidated them.

As city clerk, Grygiel normally sits on the Board to hear and decide objections to election petitions. Girot moved to have her removed from the Board because she had personally received his petitions and would be testifying regarding whether they had been bound. He asserted that, as a witness, her position on the Board would violate his right to due process. The Board denied his motion.

At the hearing on the objections, Grygiel testified that she personally received Girot's petitions. She stated that they were not bound in any way when she received them, but that she recalled putting them in a paper clip. Girot testified that the papers were already paper clipped together when he filed them. He also stated that Grygiel had stapled them together, but admitted that he could not find any staple marks in the petitions.

The Board sustained Keith's objections and held that Girot's name would not be placed on the ballot. The Board noted that it found Grygiel's testimony credible, but also stated that it would find that Girot had not complied with the Election Code (10 ILCS 5/1—1 *et seq.* (West 2002)) even if he had paper clipped the petitions together. The Board also held that Girot's failure to indicate the proper date of the election on his statement of candidacy and petitions independently supported its decision.

On judicial review, the trial court affirmed the Board's ruling. The trial court held that the Board's decision was not against the manifest weight of the evidence.

On appeal, Girot asserts that Grygiel's membership on the Board violated his fourteenth amendment right to due process and that he is therefore entitled to a new hearing. He also asserts, in the alternative, that the Board incorrectly held that his petitions were not properly bound and were improperly completed.

We agree that Girot's due process rights were adversely affected by Grygiel's simultaneous status as witness and fact finder. It is a well-settled principle of law that due process requires that a party appearing before an administrative tribunal be judged by an unbiased decisionmaker. *Ryan v. Landek*, 159 Ill. App. 3d 10, 12 (1987). Girot was not afforded that right in this case. Instead, he was placed in the unenviable position of presenting testimony contradictory to that of a witness who would then retire with the other two board members to

determine the credibility of the witnesses. Suggesting that Grygiel was unbiased, when she was required to weigh her own credibility against another witness's, stretches our credulity. The Board should have removed Grygiel before the hearing.

However, our resolution of the due process violation does not end our analysis. Because Girot claims that Grygiel's dual role at the hearing violated his fourteenth amendment due process rights, we further assess the error under the harmless error standard. See *People v. Jefferson*, 227 Ill. App. 3d 491, 496 (1992). If the error did not affect the outcome of the hearing, then it is not reversible error. See *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967). If it is clear that Girot did not comply with section 10—4 of the Illinois Election Code (Code) (10 ILCS 5/10—4 (West 2002)), then the error was harmless.

Section 10—4 of the Code states:

"No signature shall be valid or be counted in considering the validity or sufficiency of [a] petition unless the requirements of this Section are complied with. *** [Petition] sheets, before being presented to the electoral board or filed with the proper officer of the electoral district or division of the state or municipality, as the case may be, shall be neatly fastened together in book form, by placing the sheets in a pile and fastening them together at one edge *in a secure and suitable manner*, and the sheets shall then be numbered consecutively." (Emphasis added.) 10 ILCS 5/10—4 (West 2002).

The purpose of requiring candidates to securely bind and number the petitions is to prevent tampering, thereby preserving not only the integrity of the petitions submitted, but also the election process in general. *Jones v. Dodendorf*, 190 Ill. App. 3d 557, 562 (1989). These provisions are mandatory, and failing to comply with even one of them will result in the petitions' invalidation. See *Jones*, 190 Ill. App. 3d at 562-63.

Thus, even if Grygiel's testimony is ignored, Girot's testimony clearly illustrates that the pages of the petition were not fastened together. Rather, they were merely paper clipped together. While the clip may have allowed Girot to present the pages to Grygiel in a neat pile, we cannot find that it is a "secure" fastener for the purposes of section 10—4 of the Code. By its very nature, a paper clip allows the papers it "fastens" to be pulled apart and rearranged at will, showing no sign of tampering and doing little to assure the continued integrity of the petition package submitted to the electoral official.

Nevertheless, Girot argues that clipping the pages together amounted to substantial compliance under the statute. Courts have found substantial compliance where a candidate attempted to follow

the requirements of the statute but inadvertently failed to meet them fully. See, *e.g.*, *Williams v. Butler*, 35 Ill. App. 3d 532 (1976) (candidate numbered the pages of his petition, but inadvertently omitted page number 191 of 323). There may also be substantial compliance if the purposes for the requirement are satisfied by the candidate's actions. *Jones*, 190 Ill. App. 3d at 562. Girot made no effort to securely bind the pages of his petition in a way that would prevent tampering. "Fastening" the pages with a paper clip could not meet the purposes of the statute's requirements. Therefore, Girot's actions do not constitute substantial compliance with the statute.

Finally, Girot argues that there was no need to fasten all of the pages together, since one page of signatures would have been sufficient to meet the requirements to be placed on the ballot. This argument must also fail. Section 10—4 of the Code prohibits any petition that has been filed from being withdrawn, altered, or added to. Were we to allow Girot to base his candidacy on only one of the several pages he filed with the city clerk, the petition would be impermissibly altered.

The Board correctly stated that Girot would have failed to comply with the Code even if his testimony were taken as the only credible source of facts surrounding this event. Any error caused by Grygiel's bias toward her own testimony would have had no impact on the Board's decision. The error was harmless, and the Board's decision should be affirmed.

Because the petitions were properly stricken based on Girot's failure to bind them, we need not consider other claimed errors.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

HOLDRIDGE and SLATER, JJ., concur.